IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAWMIN LLC, | ) | Civ. No. 12-00193 DAE-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | PLAINTIFF'S MOTION TO |
| WESCORP PACIFIC | ) | REMAND |
| SANDALWOOD PTY. LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Jawmin LLC's Motion to Remand (Doc. 7). The Court heard this Motion on June 29, 2012. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART.

FACTUAL BACKGROUND

On February 3, 2012, Plaintiff filed this action against Defendant Wescorp Pacific Sandalwood Pty. Ltd. (Complaint.) In the Complaint, Plaintiff alleges that the parties entered into a contract entitled "Hawaiian Sandalwood Purchase Agreement" ("HSP Agreement"), which is a "mutually exclusive

agreement to buy and sell Hawaiian Sandalwood." (Id. at ¶ 3; Ex. A attached to Motion.) The HSP Agreement states that it "is a legally binding agreement by the seller, Jawmin LLC to sell Hawaiian Sandalwood, wood products, and the buyer, Wescorp Pacific to buy Hawaiian Sandalwood, wood products." (Ex. A attached to Motion.) Representatives of Plaintiff signed the HSP Agreement on January 15 and 19, 2011; Defendant signed it on January 25, 2011. (Id.)

> The HSP Agreement contains the following arbitration clause:
>
> In the event of any dispute or claim arising out of this Contract or the parties' performance or default hereunder, such dispute or claim shall be submitted to binding arbitration by a single arbitrator in Honolulu, Hawaii pursuant to the provisions of Hawaii Revised Statutes Chapter 658A, as amended. The arbitrator shall be appointed by the Circuit Judge of the Third Circuit Court, Kona Division. The award of the arbitrator shall be final and binding subject only to confirmation, modification, correction or vacation as provided in said Chapter 658A.

(Id.)

On April 13, 2012, Defendant removed this action to this Court. Plaintiff now seeks remand of this case to state court, in light of the foregoing arbitration clause.

## DISCUSSION

I.	The Court Finds and Recommends that this Case Be Remanded.

The parties do not dispute the applicable law. In fact, Defendant notes that Plaintiff "correctly states applicable law that, when the parties agree on a mandatory forum selection clause, federal courts will enforce such provisions when doing so will [be] 'fair and reasonable.'" (Opp. at 5.) Defendant also points to "a recent case from this district that stands for the same principle." (Id. (citing Baqui v. Burlington Ins. Co., CV. NO. 10-00774 LEK-BMK, 2011 WL 1254084 (D. Haw. March 31, 2011))).

In Baqui, this Court noted that a "party may waive the right of removal by agreeing to a forum selection clause." Baqui, 2011 WL 1254084, at *4. In determining the applicability of the forum selection clause, courts must first "determine whether the . . . provision is 'valid and enforceable.'" Id. at *5. "Forum selection clauses are presumptively valid and should be honored 'absent some compelling and countervailing reason.'" Id.

Defendant argues that the HSP Agreement is not valid because it "is not the agreement between the parties." (Opp. at 6.) However, Defendant signed the ASP Agreement on January 25, 2011. Further, the HSP Agreement states in clear terms:

3

> This Contract constitutes the entire agreement between the Seller and Buyer with respect to the sale and purchase of Hawaiian Sandalwood and supersedes and cancels any and all prior negotiations, representations, warranties, understandings or agreements (both written and oral) of Seller and Buyer with respect thereto. No variation or amendment of this contract shall be valid or enforceable without the written approval of Seller and Buyer.

(Ex. A attached to Motion.) Based on this language, the Court rejects Defendant's argument that the HSP Agreement or the arbitration clause is invalid. Accordingly, the Court finds that the arbitration clause in the HSP Agreement is "valid and enforceable." Baqui, 2011 WL 1254084, at *5.

In addition to deciding whether the clause is valid and enforceable, courts must also "determine the effect of a valid forum selection clause [by determining] whether the clause is mandatory or permissive." Id. at 6. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995). "In the Ninth Circuit, the prevailing rule is that where venue is specified with mandatory language, the clause will be enforced." Baqui, 2011 WL 1254084, at *6 (brackets and ellipses points omitted).

The HSP Agreement clearly states that any dispute arising out of the contract "shall be submitted to binding arbitration" and that the "arbitrator shall be appointed by the Circuit Judge of the Third Circuit Court, Kona Division." (Ex. A

attached to Motion.)  This language is mandatory and exclusive:  the arbitrator "shall" be appointed only by a Circuit Judge from the Kona Division of the Third Circuit Court and by no other judge.

Furthermore, the Complaint is based solely on this Agreement, and the Court "looks only to 'allegations of the complaint and ignores potential defenses."  Winged Foot Investments, Inc. v. Lum, CV. NO. 10-00232 SOM-BMK, 2010 WL 3025177, at *2 (D. Haw. July 16, 2010).  The Court therefore finds that, by signing the HSP Agreement, the parties waived their right to remove this case to this Court.  Baqui, 2011 WL 1254084, at *4 ("A party may . . . waive the right of removal by agreeing to a forum selection clause.").  Consequently, the Court recommends that this case be remanded to the Third Circuit Court.

II.        The Court Finds and Recommends that Plaintiff's Request for Fees and Costs be Denied.

Plaintiff requests fees and costs under 28 U.S.C. § 1447(c), which authorizes the award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The standard for awarding attorney's fees when remanding a case to state court "should turn on the reasonableness of the removal."  Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only

where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

In this case, the parties agree that this Court has diversity jurisdiction over this case. (See Motion at 4; Opp. at 4.) Further, Defendant disputes whether the HSP Agreement is valid and requires remand. Thus, Defendant had an objectively reasonable basis for seeking removal of this case, and thus, this Court declines to award Plaintiff attorney's fees and costs incurred as a result of the removal.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that Plaintiff's Motion to Remand be GRANTED IN PART and DENIED IN PART.

DATED: Honolulu, Hawaii, July 10, 2012.

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge